UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
IN RE

SHELLY JONES and
WARREN GREGORY JONES,

                Debtors-Appellants.
---------------------------------------------------------------x

**ORDER**

No. 23-CV-8281 (CS)

Seibel, J.

On September 19, 2023, Appellants filed a notice of appeal, (ECF No. 1), as well as a bare-bones application to proceed without paying the filing fee, (ECF No. 3). The Court denied the fee motion without prejudice to renewal by submission of an Application to Proceed Without Prepaying Fees or Costs. (ECF No. 5.) Appellants never submitted such an application or paid the filing fee. They also took no further steps to prosecute the appeal.

On May 21, 2024, the Court ordered Appellants to serve and file their designation of the items to be included in the record on appeal and their statement of the issues to be presented, as required by Federal Rule of Bankruptcy Procedure 8009(a), by June 4, 2024. (*See* ECF No. 6.) On June 3, 2024, Appellants filed their designation and statement on this docket, (ECF No. 7), and on the bankruptcy docket, (Bankr. S.D.N.Y. Case No. 23-35477, ECF No. 38). In their notice of appeal, (ECF No. 1), Appellants indicated that they were appealing the Bankruptcy Court's August 15, 2023 decision[1] to lift the automatic stay in Appellants' Chapter 7 bankruptcy case, No. 23-35477, (*see id.* at 1). But the items that they listed in their designation do not include the corresponding August 21, 2023 written order or the submissions relating to it.

---

[1] According to the bankruptcy docket, after a hearing on August 15, 2023, Judge Morris orally granted the motion to lift the automatic stay and for *in rem* relief, (Bankr. S.D.N.Y. Case No. 23-35477, Dkt. Entry dated August 15, 2023), a decision she later memorialized in a written order on August 21, 2023, (Bankr. S.D.N.Y. Case No. 23-35477, ECF No. 22).

Rather, Appellants have designated items that seem to relate to a different order – the Bankruptcy Court's November 21, 2023 dismissal of an adversary proceeding brought by Appellants in their Chapter 7 case.  (*See* ECF No. 7.)  Appellants have separately appealed that dismissal order in a case pending before Judge Karas, in which a motion to dismiss is fully briefed.  (*See* S.D.N.Y. Case No. 24-CV-200.)

Accordingly, if Appellants wish to pursue their appeal of Judge Morris' order of August 21, 2023 lifting the automatic stay, they must, by July 16, 2024, file a proper designation of the items to be included in the record on appeal and statement of the issues to be presented, relating to the August 21, 2023 Order, not the November 21, 2023 Order.  They must also, no later than July 16, 2024, either pay the filing fee or submit a proper Application to Proceed Without Prepaying Fees or Costs.  Failure to do both may result in dismissal.  Finally, if they file the designation and statement, their brief will be due 30 days later, pursuant to Federal Rule of Bankruptcy Procedure 8018(a).  Failure to timely file the brief may also result in dismissal.  *See* Fed. R. Bankr. P. 8018(a)(4).

Because the Bankruptcy Court docket reflects that the July 7, 2023 motion to lift the automatic stay was brought by PennyMac Loan Services, LLC, (*see* Bankr. S.D.N.Y. Case No. 23-35477, ECF Nos. 15, 16, 22), the Court will send a copy of this Order to the counsel representing PennyMac Loan Services, LLC in the case before Judge Karas (S.D.N.Y. Case No. 24-CV-200), and PennyMac's counsel shall file a notice of appearance in this case if so advised. The Clerk of Court shall send a copy of this Order to Appellants.

**SO ORDERED.**

Dated: June 28, 2024
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.