UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re

SHELLY JONES and WARREN GREGORY JONES,

                      Debtors.
----------------------------------------------------------------x

SHELLY JONES and WARREN GREGORY JONES,

                      Appellants,

    – against –

PENNYMAC LOAN SERVICES, LLC,

                      Appellee.[1]

----------------------------------------------------------------x

**OPINION & ORDER**

No. 23-CV-8281 (CS)

Appearances:

Shelly Jones
Warren Gregory Jones
Poughkeepsie, New York
*Pro Se Appellants*

Andrea M. Roberts
Diana M. Eng
Blank Rome LLP
New York, New York
*Counsel for Appellee PennyMac Loan Services, LLC*

---

[1] The Clerk of Court is respectfully directed to correct the docket to remove "United States Bankruptcy Court" as an Appellee.

Seibel, J.

Before the Court is the appeal of Debtors-Appellants Shelly Jones and Warren Gregory Jones ("Debtors") from an August 21, 2023 Order, (*see* Bankr. Dkt. No. 22 (the "August 21 Order")),[2] entered by Judge Cecelia G. Morris of the United States Bankruptcy Court for the Southern District of New York, in the Chapter 7 bankruptcy proceeding captioned *In re Jones*, No. 23-BK-35477 (Bankr. S.D.N.Y.).  The August 21 Order, issued upon the motion of Appellee PennyMac Loan Services, LLC ("PennyMac"), vacated the automatic stay imposed by 11 U.S.C. § 362(a) as to PennyMac's interest in the Debtors' property at 32 North Clover Street, Poughkeepsie, NY 12601 (the "Property").[3]

For the following reasons, the Bankruptcy Court's Order is affirmed.

I.   **BACKGROUND**

On June 8, 2023, one day after the Bankruptcy Court dismissed the Debtors' Chapter 13 bankruptcy case, (*see* No. 23-BK-35048 ECF No. 47), Debtors filed a voluntary Chapter 7 bankruptcy petition, (Bankr. Dkt. No. 1).  In the petition, the Debtors estimated that their total liabilities as between $50,001 to $100,000 and the value of their assets to be within that same range.  (Bankr. Dkt. No. 1 at 7.)  Elsewhere in their petition, contradictorily, they valued their

---

[2] Citations to "Bankr. Dkt." refer to entries on the Bankruptcy Court's docket, No. 23-BK-35477, and all page numbers cited herein for entries on that docket refer to the page numbers generated by the Bankruptcy Court's Electronic Case Filing System.  Citations to "ECF No." refer to entries on the District Court's docket for this case, No. 23-CV-8281.

[3] Debtors' notice of appeal states that they are appealing an August 15, 2023 order of Judge Morris.  (ECF No. 1.)  It does not attach any order but seeks to appeal Judge Morris's decision to lift the automatic stay in Debtors' Chapter 7 bankruptcy case.  (*See id.* at 1.)  After a hearing on August 15, 2023, Judge Morris orally granted PennyMac's motion to lift the automatic stay and denied PennyMac's request for *in rem* relief, (*see* ECF No. 20; Bankr. Dkt. Minute Entry dated Aug. 15, 2023), a decision that she later memorialized in a written order dated August 21, 2023, (Bankr. Dkt. No. 22).

total assets at $265,715.04, (*id.* at 18), which included the value of the Property at $222,315.04, (*see id.* at 9), and indicated that they owed $0 to priority unsecured creditors and $100,776.22 to nonpriority unsecured creditors. (*Id.* at 19-21.) The Debtors listed PennyMac as a creditor having a nonpriority unsecured claim against them for $85,000. (*Id.* at 20.)

On July 7, 2023, PennyMac filed a motion pursuant to 11 U.S.C. §§ 362(d)(1), (2), (4) for relief from the automatic stay as well as for *in rem* relief so that it could pursue foreclosure of the mortgage on the Property in state court. (Bankr. Dkt. No. 15; *see* Bankr. Dkt. No. 16.) The Debtors opposed PennyMac's motion on August 7, 2023, and filed a "supplemental objection" on August 8, 2023. (Bankr. Dkt. Nos. 19, 21.)

The record reflects that on May 4, 2015, Shelly Jones executed a note promising to pay $165,487 plus interest to lender Plaza Home Mortgage Inc., in return for a loan. (Bankr. Dkt. 15-4 (the "Note").)[4] The Note was secured by a mortgage on the Property, signed by both Debtors, that was recorded in the Dutchess County Clerk's Office on May 19, 2015. (Bankr. Dkt. 15-5.) On April 17, 2019, Plaza Home Mortgage Inc. assigned the mortgage to PennyMac Corp., and PennyMac Corp. subsequently assigned it to PennyMac that same day, with both assignments recorded in the Dutchess County Clerk's Office on May 6, 2019. (Bankr. Dkt. 15-6.) PennyMac, the current holder of the Note, (Bankr. Dkt. 15-1 ¶ 4), showed that the mortgage was in default because the Debtors had not made payments since December 1, 2018, (*id.* ¶ 12). The total amount due and owing on the Note as of June 13, 2023 was $231,833.70 plus interest,

---

[4] The Debtors argue in their brief that the Note is fraudulent and that the Bankruptcy Court accepted an inauthentic copy of the Note while disregarding the Debtors' evidence in contradiction, (*see* ECF No. 15 ("Debtors' Br.") at 8-9), but they provide no support for these assertions.

3

(*id.* ¶ 13), and the Debtors' petition indicated that the fair market value of the Property at the time they filed the petition was $222,315.04, (*id.* ¶ 14; Bankr. Dkt. No. 1 at 9).

On August 15, 2023, the Bankruptcy Court held a hearing on PennyMac's motion. (*See* ECF No. 20; Bankr. Dkt. Minute Entry dated Aug. 15, 2023.) At the hearing, counsel for PennyMac represented that the Debtors had not made any payments post-petition, which the Debtors did not dispute, and Judge Morris explained that PennyMac is a secured creditor, the debt at issue is a secured debt, and that if the stay were lifted, the Debtors could litigate the validity of the debt in state court if they so desired. (ECF No. 20 at 4:22-8:13.) She then concluded that PennyMac had standing to file the motion as the Note's holder and assignee of the mortgage, (*id.* at 9:20-10:5), and that cause existed to lift the automatic stay under § 362(d)(1)[5] because Debtors had failed to make regular mortgage payments as they came due, (*id.* at 10:20-25). Judge Morris based this decision on the copy of the Note and assignments of the mortgage; the supporting affidavit that PennyMac provided with its motion, establishing that the Debtors had not paid their mortgage since December 2018; and counsel's representations that no payments had been made post-petition. (*Id.* at 10:6-25; *see* Bankr. Dkt. No. 15-3 at 3; Bankr. Dkt. No. 16 at 8.) She also agreed with PennyMac that the stay should be lifted pursuant to § 362(d)(2) because (1) there was no equity in the Property, given that the existing loan balance exceeded the Property's value, and (2) the Property was not necessary for reorganization because reorganization is not possible under Chapter 7. (ECF No. 20 at 11:2-18.) Finally, while warning the Debtors that they were "walking the line," Judge Morris did not conclude that the Debtors' Chapter 7 filing – only their second filing – constituted an abuse of process, and thus denied

---

[5] The hearing transcript repeatedly refers to "Section 362(b)" instead of "Section 362(d)," (ECF No. 20 at 9-11), but in context it is clear that Judge Morris was addressing the latter, so the former is likely a transcription error.

4

PennyMac's request for *in rem* relief under § 362(d)(4).  (*See id.* at 11:18-12:22.)  On August 21, 2023, the Bankruptcy Court entered a written order granting PennyMac's motion in part by vacating the automatic stay as to PennyMac's interest in the Property.  *See* August 21 Order.

## II.  STANDARD OF REVIEW

This Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1) to hear appeals from final judgments, orders, and decrees of a bankruptcy court.  "This Court may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings."  *In re Bernard L. Madoff Inv. Sec., LLC*, No. 15-CV-1151, 2016 WL 183492, at *8 (S.D.N.Y. Jan. 14, 2016), *aff'd sub nom. Matter of Bernard L. Madoff Inv. Sec., LLC*, 697 F. App'x 708 (2d Cir. 2017) (summary order).[6]

"A district court reviews a bankruptcy court's conclusions of law *de novo*, its discretionary decisions for abuse of discretion, and its findings of fact for clear error."  *In re Depietto*, No. 20-CV-8043, 2021 WL 3287416, at *4 (S.D.N.Y. Aug. 2, 2021).  "[A]djudication of automatic stay relief is reviewed for abuse of discretion."  *In re Regan*, No. 21-CV-1231, 2022 WL 16744175, at *7 (N.D.N.Y. Nov. 7, 2022).  "This means that the Court does not consider whether it would have made the same decision, but merely whether the Bankruptcy Court's decision was reasonable."  *Schneorson v. Schneorson*, No. 22-CV-2434, 2023 WL 4490392, at *4 (E.D.N.Y. July 12, 2023).  "A bankruptcy court exceeds its allowable discretion where its decision (1) rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) cannot be located within the range of permissible decisions, even if it is not necessarily the product of a legal error or a clearly erroneous factual finding."

---

[6] Unless otherwise noted, case quotations omit all internal quotation marks, citations, alterations, and footnotes.

*Miles v. Chase Bank*, No. 20-CV-4748, 2022 WL 842073, at *1 (E.D.N.Y. Jan. 24, 2022).  "In reviewing the bankruptcy court's determinations, this Court may rely upon any ground supported by the record – it need not rely solely upon those relied upon by the Bankruptcy Court."  *Amelio v. Piazza*, No. 19-CV-5944, 2020 WL 5535241, at *3 (S.D.N.Y. Sept. 15, 2020).

The Debtors-Appellants appeal *pro se*.  Accordingly, the Court is required to construe their pleadings "liberally to raise the strongest arguments that they suggest."  *Id.*

## III.    DISCUSSION

The Debtors argue on appeal that the Bankruptcy Court erred in lifting the automatic stay because (1) PennyMac was listed as a non-priority, unsecured creditor and does not hold claims to or security interests in the Property, and Judge Morris's decision denied Debtors' due process; (2) the Bankruptcy Court failed to require PennyMac to present evidence regarding the Note and rejected evidence submitted by Debtors; and (3) PennyMac lacks standing to enforce the Note because it is a third-party creditor.  (*See* ECF No. 15 ("Debtors' Br.") at 5-7.)  PennyMac argues that Debtors are collaterally estopped from challenging whether it has standing, (*see* ECF No. 17 ("PennyMac's Br.") at 14-15); that in any event it had proper standing because it is the current holder of the Note and the record assignee of the mortgage, (*see id.* at 15-16); the Debtors' failure to make mortgage payments since December 2018 constitutes cause for lifting the automatic stay, (*see id.* at 6-7); the applicable factors set forth in *In re Sonnax Indus., Inc.*, 907 F.2d 1280 (2d Cir. 1990), support granting the stay relief, (*see id.* at 8-10); the Debtors have no equity in the Property and it is not necessary to an effective reorganization, which also constitutes cause for lifting the automatic stay, (*see id.* at 10-11); and the Debtors' remaining arguments are otherwise meritless, (*see id.* at 13-16).

6

The automatic stay and the provisions that allow for relief from the automatic stay are codified in § 362 of the Bankruptcy Code. *See* 11 U.S.C. § 362. "Pursuant to 11 U.S.C. § 362(a), the filing of a bankruptcy petition operates as an automatic stay to give a debtor a short respite from creditors' demands, during which a debtor will have the opportunity to develop and implement plans to right his financial affairs." *In re Bogdanovich*, 292 F.3d 104, 110 (2d Cir. 2002). Sections 362(d)(1) and (d)(2) provide two avenues for relief from an automatic stay. *See Schneorson*, 2023 WL 4490392, at *3. Here, the Bankruptcy Court vacated the automatic stay pursuant to both sections 362(d)(1) and (d)(2), which read:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay–
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; [or]
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if–
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization[.]

11 U.S.C. §§ 362(d)(1), (2); *see* August 21 Order. The Court first considers whether PennyMac is a party in interest, and then determines whether the Bankruptcy Court abused its discretion in lifting the automatic stay under sections 362(d)(1) and (d)(2).[7]

### A. Party in Interest

As a preliminary matter, Debtors argue that PennyMac lacks standing to enforce the Note and is therefore not a legitimate party in interest. (*See* Debtors' Br. at 5-7; ECF No. 19

---

[7] To the extent that PennyMac argues that it is entitled to *in rem* relief under § 362(d)(4), (*see* PennyMac's Br. at 12-13), it has not appealed Judge Morris's denial of that request at the August 15, 2023 hearing, (*see* ECF No. 20 at 1-11 to 1-13), and thus I do not address the issue.

("Debtors' Reply") at 3-5.)[8]  PennyMac invokes collateral estoppel, (*see* PennyMac's Br. at 14-15), arguing that the Debtors cannot challenge PennyMac's standing because this issue has already been litigated and decided against them.

"It is well-established that the doctrine of collateral estoppel applies in bankruptcy proceedings," *In re Veneziano*, 615 B.R. 666, 674 (Bankr. D. Conn. 2020), and "[w]here, as here, a federal court must determine the preclusive effect of a federal judgment, rather than a state court judgment, it must apply federal law of preclusion," *ATX Debt Fund 1, LLC v. Paul*, No. 19-CV-8540, 2023 WL 2585714, at *5 (S.D.N.Y. Mar. 21, 2023).  Under federal principles, "[a] party seeking to invoke collateral estoppel must establish that (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *In re Snyder*, 939 F.3d 92, 100 (2d Cir. 2019); *see Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006).

---

[8] The Debtors also argue that PennyMac has no standing because the assignment of the mortgage and Note to PennyMac through the Mortgage Electronic Registration System ("MERS") was not lawful, (*see* Debtors' Reply at 4-5), but they provide no legal support for that argument.  Courts have considered whether MERS itself had standing to foreclose on or assign a note where it was not the note holder, *see Onewest Bank, N.A. v. Guerrero*, No. 14-CV-3754, 2016 WL 3453457, at *4 n.5 (S.D.N.Y. June 17, 2016) ("[T]hrough that assignment, Plaintiff only stepped into the shoes of MERS, as nominee, and not the Note holder.  Accordingly, it does not appear that the July 2008 assignment by MERS conferred standing to foreclose on the Note on Plaintiff."); *Bank of New York v. Silverberg*, 926 N.Y.S.2d 532, 539 (N.Y. App. Div. 2011) ("In sum, because MERS was never the lawful holder or assignee of the notes described and identified in the consolidation agreement, the corrected assignment of mortgage is a nullity, and MERS was without authority to assign the power to foreclose to the plaintiff."), but these cases are irrelevant here because the evidence clearly establishes the assignments of the mortgage from Plaza Home Mortgage Inc. to PennyMac Corp. to PennyMac, (Bankr. Dkt. No. 15-6), and there is no indication in the record that MERS itself ever attempted to foreclose or was the assignee or holder of the Note.  Rather, PennyMac is the current holder of the Note.  (Bankr. Dkt. No. 15-1 ¶ 4.)

Here, the requirements of collateral estoppel are met. First, this same issue – whether PennyMac has standing to enforce the Note as a party in interest – was raised and addressed by this Court in its August 2024 decision on Debtors' appeal of Judge Morris's decision lifting the automatic stay in the Debtors' Chapter 13 bankruptcy. *See In re Jones*, No. 23-CV-4828, 2024 WL 3666384, at *4-5 (S.D.N.Y. Aug. 6, 2024). Second, the issue of standing was litigated and decided by this Court, and the Debtors had a full and fair opportunity to litigate it. *See id.* Finally, this issue was necessary to the Court's final judgment to affirm the Bankruptcy Court's lifting of the automatic stay because only a "party in interest" may request such relief under § 362(d). *See id.* at *3-5. Thus, Debtors are collaterally estopped from arguing that PennyMac lacks standing to enforce the Note or is otherwise not a "party in interest."

In any event, the Court concludes that PennyMac is a party in interest and has standing to enforce the Note for the same reasons set forth in the August 2024 decision. *See In re Jones*, 2024 WL 3666384, at *4-5.[9]

### B. Section 362(d)(1)

"In reviewing a bankruptcy court's grant of relief from an automatic stay under section 362(d)(1), the district court considers whether cause exists." *Boissard v. Specialized Loan Servicing, LLC*, No. 19-CV-4280, 2020 WL 9816005, at *4 (E.D.N.Y. Nov. 24, 2020). "The term 'for cause' is a broad and flexible concept that must be determined on a case-by-case basis." *Id.* "Although 'cause' is not explicitly defined in the statute, section 362(d)(1) provides that 'lack of adequate protection of an interest in property of such party in interest' is grounds for finding cause." *Id.* (quoting 11 U.S.C. § 362(d)(1)). Indeed, "[f]ailure to make mortgage

---

[9] In light of the record evidence that the debt to PennyMac was secured, that Debtors listed that debt as unsecured is irrelevant, as is Debtors' argument that the mortgage having been securitized somehow prevents the owner of the Note and mortgage from enforcing them.

9

payments is one of the best examples of a lack of adequate protection under Section 362(d)(1) of the Bankruptcy Code" and "[n]onpayment constitutes grounds on its own for granting the motion for relief from the automatic stay." *Buczek v. Nationstar Mortg. LLC*, No. 19-CV-1402, 2021 WL 631281, at *7 (W.D.N.Y. Feb. 17, 2021); *see In re Fennell*, 495 B.R. 232, 239 (Bankr. E.D.N.Y. 2012) (creditor made *prima facie* showing that cause existed to lift stay because debtor failed to contravene creditor's assertion that debtor was delinquent on mortgage payments).

When requesting relief from the automatic stay for cause, "[t]he movant must make an initial showing of cause, and then the burden shifts to the party opposing the motion to prove that it is entitled to the continued protections of the automatic stay." *In re Great Atl. & Pac. Tea Co., Inc.*, 467 B.R. 44, 55 (S.D.N.Y. 2012), *aff'd sub nom. Grocery Haulers, Inc. v. Great Atl. & Pac. Tea Co.*, 508 F. App'x 63 (2d Cir. 2013). "In addition, to determine whether cause exists to permit litigation against the debtor to continue in another court, the Court considers the non-exclusive list of factors . . . set forth by the Second Circuit in *In re Sonnax Industries, Inc.*" *Boissard*, 2020 WL 9816005, at *4.[10] "A reviewing court has wide discretion to apply the *Sonnax* factors as it sees fit based on the facts underlying a given motion." *Id.* at 5; *see In re Bogdanovich*, 292 F.3d at 110 ("Not every one of [the *Sonnax*] factors will be relevant in every

---

[10] The factors include "(1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms." *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990).

case. The ultimate determination whether to lift a stay depends upon the facts underlying a given motion.").

Here, PennyMac provided evidence to the Bankruptcy Court that the mortgage on the Property was in default with an amount of $231,833.70 due on the Note, plus interest and any other sums advanced by PennyMac to protect its security interest in the Property, and that the Debtors had not made any pre- or post-petition payments since December 1, 2018. (Bankr. Dkt. Nos. 15-1 ¶¶ 12-13; 15-2 ¶¶ 4-5, 7; 15-3.) Debtors did not controvert this evidence. Their nonpayment is sufficient grounds for granting PennyMac relief from the stay. *See In re Mader*, 661 B.R. 1, 10 (E.D.N.Y. 2021) ("Mader, in her appeal, offers no evidence to contradict JPMorgan Chase's assertion that she was delinquent in her payments."); *Boissard*, 2020 WL 9816005, at *5 ("The Court agrees that Appellant's . . . nonpayment is sufficient grounds for granting the motion for relief from the automatic stay.") (collecting cases); *see also In re Taylor*, 151 B.R. 646, 648 (E.D.N.Y. 1993) ("A debtor's failure to make regular mortgage payments as they become due constitutes sufficient cause to lift the automatic stay."). Additionally, the relevant *Sonnax* factors weigh in PennyMac's favor. Allowing PennyMac to proceed with the foreclosure action would allow resolution of the issues related to the Property and would not interfere with the bankruptcy case; state courts have the expertise to address the foreclosure issues involved in the bankruptcy proceedings; allowing the foreclosure action to proceed would not prejudice other creditors because Debtors have no equity in the Property; and the balance of harms favors PennyMac given the Debtors' failure to make the mortgage payments. *See Russo v. Wells Fargo N.A.*, No. 23-CV-2359, 2024 WL 1348523, at *7 (E.D.N.Y. Mar. 29, 2024); *Boissard*, 2020 WL 9816005, at *6; *In re Kolnberger*, 603 B.R. 253, 268 (Bankr. E.D.N.Y. 2019); *In re Sterling*, No. 14-BK-12608, 2018 WL 313085, at *5 (Bankr. S.D.N.Y. Jan. 5, 2018).

Accordingly, the Bankruptcy Court did not abuse its discretion in granting PennyMac's motion to lift the automatic stay pursuant to § 362(d)(1).

### C. Section 362(d)(2)

"[A]n automatic stay may be lifted under § 362(d)(2) if '(A) the debtor does not have an equity in [the relevant] property; and (B) [the] property is not necessary to an effective reorganization.'" *In re Mader*, 661 B.R. at 10 (quoting 11 U.S.C. § 362(d)(2)). "The creditor bears the burden to show a lack of equity." *In re Ehrenfeld*, No. 19-CV-8718, 2020 WL 5758819, at *3 (S.D.N.Y. Sept. 28, 2020). "Once lack of equity is established, the burden shifts to the debtor to show that the property is necessary for effective reorganization." *Id.*

"[A] debtor lacks equity in a particular piece of property when the sum total of the claims secured by the property exceed its value." *Id.* at *4. Here, PennyMac satisfied its burden of showing that the Property lacked equity by submitting an affidavit from an authorized agent of PennyMac that the outstanding amount due on the mortgage as of June 13, 2023 was $231,833.70 plus interest, which is greater than the Property's assessed fair market value of $222,315.04 as reflected on the Debtors' Schedule A. (Bankr. Dkt. No. 15-2 ¶¶ 5,7; *see* Bankr. Dkt. No. 1 at 9.) Debtors did not present evidence disputing that calculation. With respect to effective reorganization, the Debtors sought Chapter 7 bankruptcy, which involves liquidation of their estate rather than reorganization. Thus, the Debtors cannot show that retaining the Property is necessary for an effective reorganization. *See In re Benton*, 662 B.R. 517, 522 (S.D.N.Y. 2024); *In re Mader*, 661 B.R. at 10; *Boissard*, 2020 WL 9816005, at *6; *In re Ehrenfeld*, 2020 WL 5758819, at *4. Accordingly, Debtors did not meet their burden of showing that the

Property is needed for an effective reorganization, and the Bankruptcy Court did not abuse its discretion in lifting the stay pursuant to § 362(d)(2).[11]

## IV.   CONCLUSION

For the foregoing reasons, the Bankruptcy Court's August 21, 2023 Order is affirmed. The Clerk of Court is respectfully directed to correct the docket as set forth in footnote 1 and close the case.

**SO ORDERED.**

Dated: November 6, 2024
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

[11] Debtors' brief raises additional irrelevant and unsubstantiated arguments. The Court has reviewed all the Debtors' arguments, and to the extent that this opinion does not explicitly address them, the Court has deemed them to be meritless. *See In re Sterling*, 2018 WL 313085, at *6 & n.8; *see also Osuji v. Deutsche Bank, N.A.*, 589 B.R. 502, 510 n.10 (E.D.N.Y. 2018) (considering additional theories raised by appellant and finding them unpersuasive to alter Court's conclusion with respect to main issue of standing).